UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Steve Henderson Jr.,

Defendant.

Case No. 2:18-cr-204(9)

Judge Michael H. Watson

## OPINION AND ORDER

Defendant pleaded guilty to one count of racketeering conspiracy, Plea Agmt., ECF No. 231, and was sentenced on November 20, 2019, to 240 months' imprisonment and 3 years of supervised release. Judgment, ECF No. 422. His plea agreement contained an appellate waiver, which bars all collateral attacks save for ineffective assistance of counsel or prosecutorial misconduct. Plea Agmt. ¶ 11, ECF No. 231. Defendant did not appeal his sentence.[1]

Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His motion raises four specific grounds for relief. First, he alleges ineffective assistance and racial bias of trial counsel. Second, he argues that the Government committed a *Brady* violation by suppressing unnamed documents. Third, he argues that he was denied the opportunity to speak in

---

[1] Defendant's repeated assertions that his counsel failed to notify him of his right to a *direct* appeal ring hollow when the Court specifically advised Defendant of that right at sentencing, and Defendant acknowledged the same. Sentencing Tr. 30:12–18, ECF No. 609.

mitigation at sentencing.[2]  Fourth, he argues that he was prejudiced by the failure to sever his case from his eighteen co-defendants' cases.  Finally, he states (without further elaboration) that he brings an "8th, 14th, & 6th Amendment due process violation. (Evidentiary)."  Mot., ECF No. 805 at PAGEID # 4480.

Defendant's motion, however, is untimely.  Under 28 U.S.C. § 2255(f)(1) and (4),[3] a motion to vacate is timely if it is filed within a year of either (1) the "date on which the judgment of conviction becomes final" or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Defendant's motion is untimely under either scenario.

First, Defendant failed to appeal his judgment of conviction.  Therefore, it became final fourteen days later, on November 25, 2019.  See Fed. R. App. Pro. 4(b)(1)(A)(i) (granting a defendant fourteen days from the judgment being appealed in which to file a notice of appeal); cf. Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.").  The deadline under

---

[2] This assertion is directly contradicted by the sentencing transcript, which shows that the Court gave Defendant the opportunity to speak on his own behalf, and Defendant did so.  Sentencing Tr. 14:2–10, ECF No. 609.
[3] Nothing in the § 2255 motion suggests that grounds (2) or (3) apply here.

§ 2255(f)(1) was thus November 25, 2020, but Defendant did not file his motion until November 5, 2023, almost three years late.

Second, the motion is also untimely under § 2255(f)(4). Defendant does not meaningfully argue that he failed, despite due diligence, to discover pertinent *facts* prior to the deadline. Indeed, Defendant certainly knew by the date of sentencing that his case was not severed from his co-defendants' cases, that he allegedly was denied the right of allocution, and that his counsel allegedly failed to permit him to view discovery. To the extent Defendant alleges he is "now" aware of a *Brady* violation, that statement does not demonstrate when he became aware or show that he was *unaware* when the motion could have been timely filed. Accordingly, Defendant's motion is untimely unless equitable tolling applies.

"Equitable tolling of the statute of limitations is available . . . if the petitioner exercised reasonable diligence pursuing his claims *and* some extraordinary circumstance prevented him from filing a timely petition." *Hansberry v. United States*, No. 22-1482, 2023 WL 1432037, at *2 (6th Cir. Jan .18, 2023) (citation omitted).

Defendant asserts two potential bases for equitable tolling. First, he contends that he was unaware of the § 2255 vehicle for relief until recently, but that assertion does not help him. "[I]gnorance about filing a § 2255 motion d[oes] not toll the limitations period." *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (citations omitted); *see also, e.g., Webb v. United States*, 679 F. App'x

443, 448 (6th Cir. 2017) ("[A] petitioner's ignorance of a legal claim does not toll the § 2255 deadline."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period." (citations omitted)); *United States v. Marshall*, No. 518CR00122KKCMAS1, 2021 WL 3854469, at *2 (E.D. Ky. Aug. 5, 2021*), report and recommendation adopted*, No. CR 5:18-122-KKC, 2021 WL 3854749 (E.D. Ky. Aug. 27, 2021) ("Marshall's assertion that he was unaware of his ability to file a § 2255 motion or the time period within which to do so does not justify equitable tolling.").

Second, counsel's ineffectiveness is not a reason to equitably toll the statute of limitations because there is no right to counsel in § 2255 proceedings. *E.g.*, *Brown*, 20 F. App'x at 375 (6th Cir. 2001) ("Ineffective assistance [of] counsel does not apply in this context, because Brown possessed no right to counsel in the prosecution of a § 2255 motion." (citation omitted)).

At bottom, Defendant's § 2255 motion is untimely. Nothing in Defendant's motion suggests that he was either diligent in pursing his claims or that any extraordinary circumstances prevented him from timely filing his motion, and, thus, equitable tolling does not apply. Accordingly, Defendant's motion is **DENIED** as untimely.

In concluding, it is worth noting that, even if Defendant's motion was timely, and even if the issues raised therein were cognizable in § 2255 proceedings, were not waived by the appellate waiver, and were not procedurally defaulted, several are patently meritless. For example, the Court already

explained above, *supra* n.2, that Defendant not only had the opportunity to speak on his own behalf but *did* so. The record thus directly refutes his contention that he was denied the opportunity for allocution. The detailed sentencing hearing transcript further reveals that the Undersigned sentenced Defendant as an individual, and not as a "stereotype", which is what Defendant alleges occurred due to the absence of an allocution.

Further, Defendant was not "tried with 18 other defendants in a joint proceeding," as his motion alleges. *See* Mot. ECF No. 805 at PAGEID # 4482. Indeed, Defendant was not "tried" at all—he pleaded guilty. And he was sentenced in an individual sentencing hearing. He would have received the same individual sentencing hearing had he proceeded to trial and been severed from the trial of his co-defendants. Accordingly, Defendant did not suffer any bias by failing to formally sever his case prior to sentencing, and the allegation that he was "tried with 18 other defendants" is patently false.

Finally, Defendant alleges no facts to support his allegations that defense counsel was racially biased against him or cooperated with other defendants or the United States, or that the United States withheld "part of documents" (let alone that any such undisclosed documents would fall under *Brady's* purview). Defendant simply states that he believes each of those allegations. *See e.g.*, Mot., ECF No. 805 at PAGEID # 4475 (stating "I feel he had racial bias towards me" and "I feel this was due to his cooperation w/ other defendants, prosecution & AUSA"), 4476 ("I feel he was biased towards me as a black man."); 4478

("[A]ssuming due to his cooperation . . . ."). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F. 2d 733 (6th Cir. 1961) (citations omitted). "A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit." *Taylor v. United States*, No. 3:12-CR-65, 2016 WL 3162060, at *2 (E.D. Tenn. June 3, 2016) (citation omitted). Defendant's motion would likely fail at this screening stage for this reason as well.

Under Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The Court finds that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would not find it debatable whether the Court was correct in this procedural ruling that the § 2255 motion is untimely. Accordingly, the Court **DECLINES** to issue a Certificate of Appealability. The Clerk shall terminate ECF No. 805 and close Case No. 2:23-cv-3824.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**